IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| MERAL CENGIZ,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No.  3:25CV653 (RCY) |
| JOANNE LANG,<br>    Defendant. | )<br>)<br>)<br>) | |

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Remand filed by *pro se* Plaintiff Meral Cengiz.  Defendant Joanne Lang opposes the Motion, insisting that the Court maintains proper subject matter jurisdiction over this action—specifically, diversity jurisdiction.  The Motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.  E.D. Va. Loc. Civ. R. 7(J).  Agreeing with Defendant's application of federal removal and jurisdictional rules to the facts of this case, the Court will deny Plaintiff's Motion to Remand.

**I. BACKGROUND**

This is an employment discrimination suit filed pursuant to the Virginia Human Rights Act (VHRA).  Plaintiff filed a three-count Complaint in the Chesterfield County Circuit Court on May 5, 2025, alleging that Defendant discriminated against her based on her race, sex, and national origin, in violation of the VHRA.  *See generally,* Not. Removal Ex. 1.  Defendant timely removed this action to federal court on August 18, 2025, citing diversity jurisdiction as the grounds for removal.  Not. Removal 2.  As stated in the Complaint, "Plaintiff, Meral Cengiz, is an adult individual residing in Moseley, Virginia."  Not. Removal Ex. 1, ¶ 7.  Further, according to the

Complaint, "Defendant Joanne Lang is an adult individual whose residing address is currently unknown. She is the Chief Executive Officer and Founder of Natuvion Americas, which has its principal place of business located at 11 N Bacton Hill Road, Malvern, PA 19355." *Id.* ¶ 8 (cleaned up). Defendant's Notice of Removal affirms that Lang is "a citizen and resident of the Commonwealth of Pennsylvania" whose business is located at the aforementioned address. Not. Removal 2.

Plaintiff does not quantify the damages she seeks as relief in this suit. Not. Removal Ex. 1. She does, however, plead loss of a job for which she was offered a base annual salary of $120,000, which was later increased to $126,000. *Id.* at ¶¶ 9, 14. Plaintiff alleges additional damages including loss of health insurance and loss of separate business opportunities *Id.* at ¶¶ 41, 44. Ultimately, she seeks back and front pay; pre- and post-judgment interest; fees and costs expended in prosecuting this case; and damages, both compensatory and punitive.[1] *Id.* at 9.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1441(a) instructs that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The question, then, is whether Plaintiff's claim could have been brought originally in federal district court. *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) (citing *King v. Marriott Int'l, Inc.,* 337 F.3d 421, 424 (4th Cir. 2003)). A party removing an action to federal court need only make jurisdictional allegations in the same manner as would a plaintiff initiating suit in federal court, and such allegations are entitled to an equal assumption of fact. *Ellenburg v.*

---

[1] Interest and costs are excluded from consideration of the amount in controversy for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(a). Accordingly, the Court does not contemplate these alleged damages in evaluating the instant Motion to Remand.

2

*Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). Once challenged, however, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *Id.* (quoting *Nordan v. Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). "But this burden is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Id.*

As relevant here, a defendant may remove a case to federal court if the parties are diverse and meet the statutory requirements for diversity jurisdiction. *Id.* (citation omitted). *See also* 28 U.S.C. § 1441(b). Per the applicable statute, 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [ ] citizens of different States[.]" When a person's citizenship is questioned, a court must make an individualized inquiry relying on factors such as voter registration; current residence; the location of real and personal property; location of bank accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes." *Scott v. Cricket Communications, LLC,* 865 F.3d 189, 195 (4th Cir. 2017) (cleaned up). No single factor is dispositive. *Id.* "Since diversity always vests original jurisdiction in the district courts, diversity also generates removal jurisdiction." *Lontz*, 413 F.3d at 439.

### III. DISCUSSION

Here, the Court finds—and Plaintiff admits—that there is diversity of citizenship between the parties. *See* Mot. Remand 3 ("Plaintiff acknowledges that diversity of citizenship does exist"); Reply Supp. Mot. Remand 1 ("[D]iversity jurisdiction does exist."). Plaintiff is domiciled in Moseley, Virginia. Not. Removal Ex. 1, ¶ 7; Reply Supp. Mot. Remand 1. Defendant is a citizen and resident of the Commonwealth of Pennsylvania. Not. Removal 2. Plaintiff argues that

3

Defendant's removal of this matter is procedurally defective because Defendant described her Pennsylvania citizenship by referring to residency (as opposed to domicile specifically) and offered a Pennsylvania business address as factual support for her citizenship. Mot. Remand 1; Reply Supp. Mot. Remand 1.

The Court cannot agree that, on its own, the language utilized by Defendant in her showing of diversity jurisdiction renders removal procedurally defective. Plaintiff is correct that a business address alone may be insufficient to demonstrate citizenship for purposes of diversity jurisdiction. However, that was not all that Defendant cited in support of her assertion of Pennsylvania citizenship. Defendant also plainly stated that she "is a citizen and resident of the Commonwealth of Pennsylvania." Not. Removal 2. Additionally, in Exhibit 2 to her Memorandum in Opposition to Plaintiff's Motion for Remand, Defendant certified that she has lived in Pennsylvania for 24 years; works in Pennsylvania; is registered to vote in Pennsylvania; and has a Pennsylvania driver's license. Mem. Opp. Mot. Remand Ex. 2. Defendant further certified that she "intends to remain in Pennsylvania indefinitely because both [her] home and [her] job are in Malvern, Pennsylvania." *Id*. These facts, combined with Plaintiff's own admissions that the parties are diverse, compel the Court to find that—Defendant's reference to residency notwithstanding—Defendant is domiciled in Pennsylvania and thus that Plaintiff and Defendant are "citizens of different States" for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1); *see also Stanton v. Elliott*, 25 F.4th 227, 238 (4th Cir. 2022) (cautioning against requiring parties to include "magic words" in their pleadings and noting that "Courts should focus on the substance of the allegations to avoid making pleading a formalistic headache.").

This case also meets the amount in controversy requirement for diversity jurisdiction. As part of her Complaint, Plaintiff alleges wrongful termination of employment. Although Plaintiff's

Complaint does not quantify her total damages, the position from which she was allegedly wrongfully terminated was compensated at a base salary of $120,000, and later, $126,000 per year. Not. Removal 11.  Because Plaintiff alleges discharge from her prior place of employment on April 7, 2023, and further alleges that "[i]t took [her] a year to secure another job[,]" the Court finds that the amount in controversy exceeds $75,000 for purposes of this Court's original diversity jurisdiction.  Not. Removal 16.

Accordingly, finding that the natural person parties are citizens of different states and the amount in controversy exceeds $75,000, the Court is assured of its original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a)(1).  The Court further finds that Defendant has met her burden in demonstrating that removal is appropriate because this matter could have originally been brought in federal district court.  *See Lontz*, 413 F.3d 435, 439 (4th Cir. 2005). This Court is the appropriate federal district court for removal of this matter because the Richmond Division of the Eastern District of Virginia embraces Chesterfield County, Virginia.  28 U.S.C. § 1441(a).

To the extent that Plaintiff asks that the Court decline to engage with this case notwithstanding its original jurisdiction based on diversity, *see* Mot. Remand 1, 4 (citing the "overwhelming predominance of state law" and inappositely requesting that the Court decline to exercise supplemental jurisdiction[2]), the Court finds that such an exercise of discretion would be inappropriate.  This Court routinely adjudicates both VHRA claims and their federal analogue, Title VII claims.  *See generally, e.g.*, *Goble v. Lexisnexis Special Services, Inc.*, 2025 WL 2380962

---

[2] "Supplemental jurisdiction . . . allows parties to append state law claims over which federal courts would otherwise *lack* jurisdiction." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) (emphasis added).  Because the Court does not lack jurisdiction over the present claims, having established *supra* that diversity jurisdiction is appropriate, supplemental jurisdiction has no place in the discussion.

5

(E.D. Va. Aug. 15, 2025). Plaintiff's request that the Court decline to exercise jurisdiction over this action is therefore denied.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand (ECF No. 9) will be denied. An appropriate Order shall issue.

                                                      /s/ *[signature]*
                                        Roderick C. Young
                                        United States District Judge

Date: February 25, 2026
Richmond, Virginia